**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION**

ZONNIE HENDERSON, )
)
        Plaintiff, )
)
vs. )
)
PORTFOLIO RECOVERY ASSOCIATES, LLC, )
)
        Defendant. )

## COMPLAINT

### INTRODUCTION

1. Plaintiff Zonnie Henderson brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Portfolio Recovery Associates, LLC ("PRA"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by plaintiff within this District;

    b. Defendant does or transacts business within this District.

### PARTIES

4. Plaintiff Zonnie Henderson is an individual who resides in Milwaukee, Wisconsin.

5. Defendant PRA is a limited liability company with offices at 120 Corporate Blvd., Norfolk, VA 23502.

6. PRA is engaged in the business of using the mails and telephone to collect

1

consumer debts originally owed, if at all, to others.

7. PRA is a debt collector as defined in the FDCPA.

## FACTS

8. Defendant PRA has been attempting to collect from plaintiff an alleged HSBC credit card debt with account number ending in 5498.

9. Any such debt would have been incurred for personal, family or household purposes and not for business purposes.

10. On or about June 17, 2010, PRA sent its initial demand letter regarding the debt.

11. By letter of June 24, 2010, plaintiff, through counsel, informed PRA that she disputed the debt and that she was represented by counsel in connection with the matter. A copy of the letter and fax transmission report is attached as Exhibit A.

12. On or about Feb. 1, 2011, PRA wrote directly to plaintiff, dunning for the same debt. (Exhibit B)

## VIOLATION ALLEGED

13. Defendant violated 15 U.S.C. §1692c by contacting a represented party directly.

14. Section 1692c provides:

**§ 1692c. Communication in connection with debt collection**

**(a) Communication with the consumer generally. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt–**

> **. . . (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

      (1)    Statutory and actual damages;

      (2)    Attorney's fees, litigation expenses and costs of suit;

      (3)    Such other and further relief as the Court deems proper.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Thomas E. Soule
EDELMAN, COMBS, LATTURNER
     & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\25375\Pleading\Complaint_Pleading.wpd

## NOTICE OF ASSIGNMENT

   Please be advised that all rights relating to attorney's fees have been assigned to counsel.

               s/ Daniel A. Edelman
               Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)